IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DURANTE MARQUIS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-206 |
| | ) | |
| AUGUSTA STATE MEDICAL | ) | |
| PRISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE COMPLAINT**

**A. BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) ASMP; (2) Officer Ms. Jackson; (3) Officer Andrews; (4) Officer Haygen; (5) Officer Porter; (6) Lamorris Russell; and (7) Mr. Conley, Deputy Warden of Security. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 25, 2014, around 8:00 or 9:00 a.m., Officers Haygen and Andrews were escorting

Plaintiff, who was handcuffed, back to his one-man cell in the locked down dormitory from morning shower call. (Id. at 5.) When Plaintiff entered his cell still handcuffed, inmate Lamorris Russell emerged from under Plaintiff's bed and stabbed Plaintiff a number of times. (Id.) Officers Haygen and Andrews ran from Plaintiff's cell. (Id.) Officer Jackson was working the booth, supervising the dorms at this time. (Id.) Because one-man cells must be locked when the inmate is being escorted, Plaintiff surmises that either a prison official allowed Defendant Russell into his cell or Defendant Russell was able to sneak into the cell. (Id.) Additionally, a camera should have been on Plaintiff at all times while he was being escorted out of his dorm. (Id.) Below his factual allegations in his statement of claim, Plaintiff writes "negligence," presumably alleging that the described actions were negligent. (Id.) Plaintiff states he was injured mentally and physically and he has been suffering from back and shoulder pain since Defendant Russell's attack. (Id. at 6.) Plaintiff seeks relief in the form of money damages. (Id.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against Defendant ASMP.

Plaintiff has failed to state a viable § 1983 claim against Defendant ASMP for two reasons. First, Plaintiff fails to mention ASMP in his statement of claim. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant

with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Second, ASMP is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Allen v. Brown, No. CV 112-052, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) report and recommendation adopted, No. CV 112-052, 2013 WL 1333412 (S.D. Ga. Apr. 1, 2013) (finding ASMP is not subject to liability in a § 1983 suit); Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, even if Plaintiff had

made any factual allegations against ASMP, it is not subject to liability in a § 1983 suit and must be dismissed from this action.

### 3. Plaintiff Fails to State a Claim Against Defendant Russell.

Plaintiff alleges that Lamorris Russell, a fellow inmate, violated his federal rights. To establish a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured under the Constitution or federal law, and that such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). A private person is only viewed as acting under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Plaintiff has failed to allege any such nexus, and thus his federal claim against Defendant Russell must be dismissed. See Mosley v. Medlin, No. CV 313-086, 2014 WL 3110027, at *6 (S.D. Ga. July 7, 2014) (dismissing § 1983 claim against fellow inmate where no nexus alleged between State and challenged action); Thomas v. Thomas, CV507-77, 2008 WL 80305, at *1 (S.D. Ga. Jan. 7, 2008) (same). Because Plaintiff has not alleged any other claims against Defendant Russell, he should be dismissed from this action.

### 4. Plaintiff Fails to State a Claim Against Defendant Porter.

Plaintiff has also failed to state a viable § 1983 claim against Defendant Porter because he named Defendant Porter in the caption of his complaint, but fails to mention him in his statement of claim. See § I.B.2, *supra*; Douglas, 535 F.3d at 1321-22 (11th Cir. 2008).

### 5. Plaintiff Fails to State an Eighth Amendment Claim for Failure to Protect Against Defendants Jackson, Andrews, and Haygen.

Plaintiff's allegations that Defendants Jackson, Andrews, and Haygen failed to protect him from attack by Inmate Russell also fail to state a claim. A prison inmate has a constitutional right to be protected from violence and from assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Before a prison official's failure to act can constitute deliberate indifference, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." Brown, 894 F.2d at 1537.

#### a. Defendant Jackson

Here, Plaintiff fails to satisfy any prong showing Defendant Jackson was deliberately indifferent to his safety. First, Plaintiff fails to identify any particularized threat or fear of serious harm. (Doc. no. 1, p. 5.) Indeed, Plaintiff does not allege that Inmate Russell had made any threats against him either to Plaintiff or Defendant Jackson. Second, Plaintiff fails to allege that Defendant Jackson was subjectively aware of any such particularized threat or fear of serious harm to him. Third, since there is no allegation that Defendant Jackson knew about the risk, there is no factual basis for a finding that she did not respond reasonably to that risk. Although Plaintiff

6

guesses that Russell might have been allowed in his cell, he also concedes that Russell might have snuck in. Even assuming that Defendant Jackson allowed Russell in the cell, nothing in Plaintiff's complaint indicates Defendant Jackson knew that Inmate Russell would assault Plaintiff. At most, Plaintiff's claim against Defendant Jackson is premised on negligence and must fail. Brown, 894 F.2d at 1537. Accordingly, Plaintiff has failed to state a claim for deliberate indifference to safety for failure to protect against Defendant Jackson.

### b. Defendants Andrews and Haygen

Likewise, for the same reasons discussed above in connection with Defendant Jackson, Plaintiff fails to satisfy any element of deliberate indifference for Defendants Andrews or Haygen. Plaintiff fails to identify any particularized threat or fear of serious harm or that Defendants Andrews or Haygen were subjectively aware of any such threat or fear. Defendants Andrews and Haygen cannot be held liable for failing to take actions to protect Plaintiff from a risk of which they were unaware. Brown, 894 F.2d at 1537.

### 6. Plaintiff Fails to State a Claim Against Defendant Conley.

Plaintiff has also failed to state a viable § 1983 claim against Defendant Conley for two reasons. First, he named Defendant Conley in the caption of his complaint, but fails to mention him in his statement of claim. See § I.B.2, *supra*; Douglas, 535 F.3d at 1321-22 (11th Cir. 2008).

Second, Plaintiff is attempting to hold him liable merely because of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors,

employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Conley liable, Plaintiff must demonstrate that either (1) Defendant Conley actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act

unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff never mentions Defendant Conley in his statement of claim, much less draws the necessary causal connection to any alleged constitutional violation. Plaintiff cites to standard safety protocols in place for locking cells and supervising the dorms, without any allegation of widespread failure to follow the protocols. (Doc. no. 1, p. 5). Plaintiff fails to state a claim upon which relief can be granted against Defendant Conley, and he should be dismissed from the case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants ASMP, Russell, Porter, Jackson, and Conley be **DISMISSED** from this case, and that Plaintiff's Eighth Amendment deliberate indifference claims for failure to protect against Defendants Andrews and Haygen be **DISMISSED**. In a companion Order the Court allows Plaintiff to proceed with his Eighth Amendment deliberate indifference claims for failure to intervene against Defendants Andrews and Haygen.

SO REPORTED and RECOMMENDED this 21st day of January, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA