IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DURANTE MARQUIS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-206 |
| ) | |
| OFC. ERIC ANDREWS ) | |
| and OFC. SYLVESTER HAGINS, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. (Doc. no. 1.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is before the Court on Defendants' pre-answer motion to dismiss. (Doc. no. 19.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff named the following Defendants in his complaint: (1) ASMP; (2) Officer Ms. Jackson; (3) Officer Eric Andrews; (4) Officer Sylvester Hagins; (5) Officer Porter; (6) Lamorris Russell; and (7) Mr. Conley, Deputy Warden of Security. (Doc. no. 1, pp. 1, 4.) Plaintiff alleged

that on April 25, 2014, around 8:00 or 9:00 a.m., Defendants Hagins and Andrews were escorting Plaintiff, who was handcuffed, back to his one-man cell in the locked down dormitory from morning shower call. (Id. at 5.) When Plaintiff entered his cell still handcuffed, inmate Lamorris Russell emerged from under Plaintiff's bed and stabbed Plaintiff a number of times. (Id.) Defendants Hagins and Andrews ran from Plaintiff's cell. (Id.) Officer Jackson was working the booth, supervising the dorms at this time. (Id.) Because one-man cells must be locked when the inmate is being escorted, Plaintiff surmises that either a prison official allowed Inmate Russell into his cell or Inmate Russell was able to sneak into the cell. (Id.) Additionally, a camera should have been on Plaintiff at all times while he was being escorted out of his dorm. (Id.) Below his factual allegations in his statement of claim, Plaintiff writes "negligence," presumably alleging that the described actions were negligent. (Id.) Plaintiff states he was injured mentally and physically and has been suffering from back and shoulder pain since Inmate Russell's attack. (Id. at 6.) Plaintiff seeks relief in the form of money damages. (Id.)

By Order dated February 27, 2015, United States District Judge J. Randal Hall dismissed (1) Defendants ASMP, Russell, Porter, Jackson, and Conley, and (2) Plaintiff's Eighth Amendment deliberate indifference claims for failure to protect against Defendants Andrews and Hagins. (Doc. no. 16-1, p. 2.) However, Judge Hall also found that Plaintiff had arguably stated viable Eighth Amendment deliberate indifference claims for failure to intervene against Defendants Andrews and Hagins. (Id.)

## II. DISCUSSION

Defendants have now moved to dismiss Plaintiff's complaint because (1) he failed to state a claim upon which relief may be granted because an officer has no duty to intervene

2

when he observes a fight between inmates, (2) Defendants are entitled to qualified immunity, and (3) Plaintiff cannot pursue a claim for money damages against Defendants in their official capacities. (Doc. no. 19-1.) As explained below, Defendants' motion to dismiss should be granted to the extent Plaintiff's claims are against Defendants in their official capacities, but should be denied on the other two grounds.

### A. Motion to Dismiss Framework

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). The Court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

B. **Plaintiff's Failure to Intervene Claim Should Not Be Dismissed Because A Prison Official Can be Deliberately Indifferent In Failing to Intervene In an Inmate-on-Inmate Assault.**

Citing a footnote in Johnson v. Boyd, 568 F. App'x 719 (11th Cir. 2014), Defendants assert that an officer observing a fight between inmates has no duty to intervene where there is no separate alleged constitutional violation. In Johnson, the Eleventh Circuit found that the plaintiff failed to state a claim for failure to intervene where another inmate attacked the plaintiff but the complaint was lacking any allegations about the duration of the fight or that "the officers waited an unreasonable amount of time to intervene after Hanley attacked [the plaintiff]." 568 F. App'x at 722. The court stated:

> The district court partially construed Johnson's complaint as a "failure to intervene" claim, citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998), which holds that an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene. (Doc. 33 at 4–5). While it is well settled that Ensley applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, *we have not explicitly adopted this holding in a situation involving an officer observing a fight between inmates*.

Id. at 722 n.2 (emphasis added).

Despite this footnote, the Eleventh Circuit has held that a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to intervene on behalf of the victim of an ongoing assault by another inmate. Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (applying deliberate indifference standard to claim that prison official failed to intervene in inmate-on-inmate assault). "Prison correctional officers may be held directly

4

liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence." Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010) (citing Ensley, 142 F.3d at 1407). "However, in order for liability to attach, the officers must have been in a position to intervene." Id. (internal citation omitted). Indeed, the Eleventh Circuit in Johnson found that a failure to intervene claim, similar to a failure to protect claim, would require allegations that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. See 568 F. App'x at 724-25.

Here, Plaintiff's allegations satisfy the prima facie elements of an Eighth Amendment failure to intervene claim. First, Inmate Russell's assault created an objective risk of injury to Plaintiff. Second, Plaintiff alleges that Defendants were subjectively aware of the assault because they were in the process of escorting Plaintiff to his cell when Inmate Russell assaulted Plaintiff. Third, the complaint infers that Defendants were in a position to intervene by alleging that Inmate Russell attacked Plaintiff as soon as Plaintiff entered his cell while being escorted by Defendants and before Defendants removed Plaintiff's handcuffs. Fourth, the complaint infers that Defendants did not respond reasonably to the risk by alleging that they ran away from Plaintiff's cell when Inmate Russell began attacking Plaintiff.

Accordingly, Defendants' motion to dismiss should not be granted as to Plaintiff's failure to intervene claim for failure to state a claim.

### C. Plaintiff's Claims Should Not Be Dismissed on the Basis of Qualified Immunity.

Defendants contend that even if Plaintiff's claims are not subject to dismissal for failure to state a claim, they should be dismissed because Defendants are entitled to qualified immunity. (Doc. no. 19-1, pp. 6-8.) "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A defendant carries the initial burden of showing that the contested actions fall within his discretionary authority, then the burden shifts to the plaintiff to show (1) violation of a constitutional right; and (2) the right violated was clearly established at the time. Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013) (citing Pearson, 555 U.S. at 232). Courts may assume for the sake of argument that a constitutional violation occurred and grant summary judgment based on a finding that the right was not clearly established. Pearson, 555 U.S at 236.

A government official acts within his discretionary authority when he was "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). To satisfy the first prong, the defendant "must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen with his legitimate job description." Id. at 1266 (emphasis in original). To satisfy the second prong, the defendant must be executing his job-related function "in an authorized manner."

6

Id.

Plaintiff can demonstrate that the right violated was clearly established in three ways. First, Plaintiff may show that "a materially similar case has already been decided" at the time of the incident by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court. Terrell v. Smith, 668 F.3d 1244, 1255 (11th Cir. 2012). This category consists of cases where "judicial precedents are tied to particularized facts." In assessing whether previous cases clearly establish the law, Courts ask whether the factual scenario that the official faced "is fairly distinguishable from the circumstances facing a government official" in a previous case. Id. at 1256 (citing Vinyard v. Wilson, 311 F.3d 1340, 1352 (11th Cir. 2002)). If so, the cases are not materially similar and, thus, provide insufficient notice to the official to clearly establish the law. Terrell, 668 F.3d at 1256.

Second, Plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." Id. "[S]ome broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts." Id. (citing Vinyard, 311 F.3d at 1351). However, the principle must be established with "obvious clarity" by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court case law at the time of the alleged violation so that "every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." Terrell, 668 F.3d at 1256.

Third, the conduct involved in the case may "so obviously violate[ ] th[e] constitution

7

that prior case law is unnecessary." Terrell, 668 F.3d at 1257.

Here, Defendants have satisfied the threshold requirement of showing that they were acting within the scope of their discretionary authority. First, escorting a prisoner to a cell is a legitimate job-related function. Second, Defendants were executing this function in an authorized manner. Plaintiff does not dispute either of these points.

Accordingly, the Court must determine whether Plaintiff alleges violations of a constitutional right that was clearly established at the time of the violation. Gilmore, 738 F.3d at 272. Here, Plaintiff's allegations that Defendants were subjectively aware of Inmate Russell's assault, were in a position to intervene, and did not respond reasonably, which the Court must accept as true in resolving the motion to dismiss, establish a constitutional violation under the Eighth Amendment. See *supra* § II.B.

Additionally, in April 2014, it was clearly established that prison officials have a duty to intervene when witnessing an inmate assault another inmate. See Murphy, 159 F. App'x at 948; Terry, 376 F. App'x at 896; see also Addison v. Arnett, No. CV213-71, 2015 WL 1519534, at *9 (S.D. Ga. Mar. 31, 2015) (same right clearly established prior to alleged assault in May 2010).

Accordingly, Defendants are not entitled to qualified immunity at this time.

**D. To the Extent Plaintiff's Claims Are Against Defendants in Their Official Capacities, They Are Dismissed.**

Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment because he seeks damages against Defendants in their official capacities. (Doc. no. 47-1, p. 11.) The Eleventh Amendment bars official capacity claims against state prison officials for

8

money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Although Plaintiff seeks money damages from Defendants, the complaint is silent as to whether he is suing Defendants in their individual or official capacities. (See doc. no. 1.) Therefore, to the extent that Plaintiff seeks damages from Defendants in their official capacities, his claims fail as a matter of law and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's official capacity claims for compensatory damages against Defendants should be **DISMISSED**. The motion to dismiss should be **DENIED** with respect to Plaintiff's claim against both Defendants in their individual capacities. Should this recommendation be adopted as the District Court's opinion, Defendants should be required to file an answer to Plaintiff's complaint within fourteen days of such adoption, consistent with Federal Rule of Civil Procedure 12(a)(4)(A). Furthermore, the stay of discovery currently in place should be lifted, and a Scheduling Notice setting the deadlines in this case should issue upon the filing of Defendants' answer.

SO REPORTED and RECOMMENDED this 7th day of August, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9