IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| **DURANTE MARQUIS SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.  ) | CASE NO. 1:14-CV-00206-JRH-BKE |
| ) | |
| **AUGUSTA STATE MEDICAL** ) | |
| **PRISON, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS ANDREWS AND HAGINS' OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendants Eric Andrews and Sylvester Hagins respectfully submit this objection to the Report and Recommendation (Doc. 33) entered by the Magistrate Judge on Defendants' motion to dismiss. (Doc. 19).

The Magistrate Judge correctly recommended dismissal of Plaintiff's claims for damages against Defendants in their official capacities. (Doc. 33, p. 8). The Magistrate Judge's Report and Recommendation was that Plaintiff be allowed to proceed with his failure to intervene claims. Defendants respectfully object to the Report and Recommendation.

In considering a motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

at 1949.  "[U]nwarranted deductions of fact in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. The Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotations omitted).  Additionally, "the court is not required to accept a plaintiff's legal conclusions." *Id.*; *see also Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) ("eliminate any allegations in the complaint that are merely legal conclusions").

"The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss."  *Sinaltrainal*, at 1260.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**A.  Plaintiff's Complaint Fails To State A Claim For Failure To Intervene.**

To state a claim against a defendant under § 1983, a plaintiff must allege two essential elements:  (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such a deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  The allegations must show that the individual defendant directly participated in the alleged constitutional deprivation, or there must be some other causal connection between the defendant's acts and the constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

The Magistrate Judge found that Plaintiff sufficiently alleged a failure to intervene claim, citing cases applying the deliberate indifference standard to claims of failure to intervene in an inmate-on-inmate assault. (Doc. 33, p. 4). The Magistrate Judge erred.

The Eleventh Circuit has found that a law enforcement officer is liable for failing to intervene when another officer is committing a constitutional violation.  *Ensley v. Soper*, 142

2

F.3d 1402, 1407 (11th Cir. 1998).  However, the Eleventh Circuit has noted that it has not "explicitly adopted" that holding to "a situation involving an officer observing a fight between inmates." *Johnson v. Boyd, et. al.*, 568 Fed. Appx. 719, 722 n. 2. (11th Cir. 2014). The cases cited in the Report and Recommendation both pre-date *Johnson* and neither establishes such a duty. (*See Murphy v. Turpin, et. al.*, 159 Fed. Appx. 945 (11th Cir. 2005); *Terry v. Bailey*, 376 Fed. Appx. 894 (11th Cir. 2010).

Moreover, even under the deliberate indifference standard, Plaintiff's complaint fails to state a claim. Although the Magistrate Judge found that Plaintiff's complaint sufficiently alleged that Defendants had subjective knowledge of the assault on Plaintiff and that Plaintiff's complaint "infers" that Defendants were in a position to intervene, Plaintiff has not alleged any particularized risk of harm to Plaintiff, or that Defendants were subjectively aware of any risk of harm.

The allegations here are that on April 25, 2014 Defendants were escorting Plaintiff back to his cell from his morning shower. Plaintiff was in a locked down dormitory in a one man cell. When Plaintiff walked into his cell another inmate came from under Plaintiff's bed and stabbed Plaintiff. Plaintiff speculates that while he was in the shower the other inmate was either allowed into Plaintiff's cell (by person(s) unknown) or snuck into Plaintiff's cell.  These allegations do not establish that Defendants were aware of any facts to draw an inference that Plaintiff was at a substantial risk of harm, and did in fact draw such an inference. (*See Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)(to state a claim of deliberate indifference for failure to protect, the allegations must show that defendant was "aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists -- and the [defendant] must also

draw that inference"). The facts alleged by Plaintiff, at best, state a claim for negligence, which is not actionable under section 1983. *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).

The Magistrate Judge erred in recommending that Plaintiff stated a claim for failure to intervene, and Plaintiff's complaint is due to be dismissed.

**B. Defendants In Their Individual Capacities Are Entitled To Qualified Immunity.**

The Magistrate Judge erred in finding that Defendants are not entitled to qualified immunity. Qualified immunity protects governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In the qualified immunity analysis, the relevant question to be answered is the "objective (albeit fact specific) question," of whether a "reasonable officer" would have believed the defendant's action to be lawful in light of clearly established law and the information possessed by the defendant. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

For the reasons stated above and in Defendants' brief in support of their motion to dismiss, Plaintiff has not stated a claim against any Defendant for a deprivation of any constitutional right.

The Magistrate Judge found that the law was clearly established that Defendants had a duty to intervene in the assault on Plaintiff. The Magistrate Judge erred in so finding. There is no clearly established law that would have put Defendants on notice that any of their alleged actions would violate the constitution. *See Johnson v. Boyd, et. al.*, 568 Fed. Appx. 719, 722 n. 2 (Eleventh Circuit has not held that officer observing fight between inmates has duty to intervene); *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (no duty to intervene absent

4

constitutional violation);*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)(to state a claim of deliberate indifference for failure to protect, the allegations must show that defendant was "aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists -- and the [defendant] must also draw that inference"); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (negligence is not actionable under section 1983). Defendants are entitled to qualified immunity, and the Magistrate Judge erred in finding that they were not so entitled.

**CONCLUSION**

For the above stated reasons, Defendants respectfully object to the Magistrate Judge's Report and Recommendation and asks that the Court not adopt the Report and Recommendation with respect to Plaintiff's claims against them.

Respectfully submitted, this the 24th day of August, 2015.

        SAMUEL S. OLENS    551540
        Attorney General

        KATHLEEN M. PACIOUS    558555
        Deputy Attorney General

        s/Devon Orland
        DEVON ORLAND    554301
        Senior Assistant Attorney General

        s/Susan E. Teaster
        SUSAN E. TEASTER    701415
        Assistant Attorney General

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed Defendants' **OBJECTION TO REPORT AND RECOMMENDATION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

## NONE, PRO SE PLAINTIFF

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Durante Marquis Smith
> GDC No. 1005367
> Georgia State Prison
> 2164 Ga Hwy 147
> Reidsville, GA 30453

This the 24th day of August, 2015.

> s/Susan E. Teaster
> Georgia Bar No. 701415
> Assistant Attorney General

Please Address All
Communications To:

Susan E. Teaster
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 463-8850
steaster@law.ga.gov