IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DURANTE MARQUIS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-206 |
| | ) | |
| OFC. ERIC ANDREWS | ) | |
| and OFC. SYLVESTER HAGINS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced this case pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis*. Before the Court are Plaintiff and Defendants' cross motions for summary judgment. (Doc. nos. 63, 73, 76.) The Court **REPORTS** and **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED** (doc. no. 73), Plaintiff's motions for summary judgement be **DENIED** (doc. nos. 63, 76), a final judgment be **ENTERED** in favor of Defendants, and this civil action be **CLOSED**.

## I.     PROCEDURAL BACKGROUND

Because Plaintiff is proceeding *in forma pauperis*, the Court screened Plaintiff's complaint and allowed Plaintiff to proceed with the claim at issue for deliberate indifference to his safety based on the contention Defendants failed to timely intervene in an inmate-on-

1

inmate assault. (See doc. no. 12, pp. 1-2.) In a contemporaneously issued Report and Recommendation ("R&R"), the Court recommended dismissal of all other claims and Defendants. (Doc. no. 13.) By Order dated February 27, 2015, United States District Judge J. Randal Hall adopted the R&R, dismissed all other claims and defendants, and found Plaintiff had arguably stated viable Eighth Amendment deliberate indifference claims for failure to intervene against Officers Andrews and Hagins. (Doc. no. 16-1, p. 2.)

On March 25, 2015, Officers Andrews and Hagins filed a motion to dismiss, alleging: (1) An officer has no duty to intervene in a fight between inmates, (2) Defendants are entitled to qualified immunity, and (3) Plaintiff cannot pursue a claim for money damages against Defendants in their official capacities. (Doc. no. 19-1.) The Court granted the motion in part, finding Plaintiff could not pursue a claim for money damages against Defendants in their official capacities, but denied the motion to dismiss as to the other grounds. (Doc. no. 46.)

After an extended discovery period, Defendants now move for summary judgment arguing: (1) Plaintiff cannot establish an Eight Amendment violation for failure to intervene, and (2) they are entitled to qualified immunity. (See generally doc. no. 73.) In response, Plaintiff filed a motion for summary judgment arguing Defendants were deliberately indifferent. (Doc. nos. 76, 81.)

## II. THE SUMMARY JUDGMENT RECORD

Before describing the summary judgment facts, it is important to note where Plaintiff has failed to properly dispute a material fact in Defendants' statement of facts, the Court has deemed that fact undisputed pursuant to Fed. R. Civ. P. 56(e) and Ellis v. England, 432 F.3d

1321, 1326 (11th Cir. 2005). Much of Plaintiff's statements in his motion for summary judgment and response to Defendants' motion for summary judgment are unsworn and conclusory allegations, none of which are admissible evidence for purposes of opposing Defendants' motion for summary judgment. Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (requiring consideration of only admissible evidence when ruling on motions for summary judgment); see also Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (granting summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendant); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment.").

However, the Court has considered at summary judgment the allegations made with specificity in Plaintiff's complaint because Plaintiff attested them to be true under penalty of perjury. See 28 U.S.C. § 1746; Federal Rule of Civil Procedure 56(e); United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1444 (11th Cir. 1991); see also Howard v. Memnon, 572 F. App'x 692, 694 (11th Cir. 2014) ("A *pro se* plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence."). Nonetheless, "[u]nsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment." Howard, 572 F. App'x at 695 (citing Bennett v. Parker, 898 F.2d 1530, 1532-34 (11th Cir. 1990)).

Plaintiff has failed to provide any physical evidence, medical records, or corroborating testimony of witnesses to substantiate his conclusory allegations, although he routinely complains Defendants have withheld video evidence of the incident, statements he made to his warden describing his risk of harm, and copies of all grievances he filed. (See, e.g., doc. nos. 50, 56.) Although Plaintiff filed a motion to compel during the discovery period, the Court denied the motion because Plaintiff had not engaged in a good-faith attempt to resolve his disputes with Defendants. (Doc. no. 59.) After Plaintiff served discovery requests, Defendants produced nearly all of Plaintiff's requested documents and represent any remaining and disputed discovery files, such as video evidence of the incident and statements Plaintiff made to his warden, do not exist. (See doc. no. 68.) Plaintiff has offered no evidence to suggest that Defendants are lying and intentionally withholding discovery.

## III. FACTUAL BACKGROUND

On April 25, 2014, Plaintiff was incarcerated at ASMP and housed in Building 12A-2, cell number 215. (Doc. no. 73-6, Tyner Decl. ¶ 6.) Lamorris Russell, another inmate, was incarcerated at ASMP and housed in Building 12A-2, cell number 218. (Id.) Inmates assigned to Building 12A-2 have behavioral and disciplinary problems and are housed in one-man cells. (Doc. no. 73-3, Brown Decl. ¶¶ 19-20.) Inmates assigned to Building 12A-2 must be escorted by two officers and handcuffed each time they enter and exit their cells. (Id. ¶ 22, 23.) At no time are two inmates allowed outside of their cells together, nor are any other inmates allowed outside of their cells when one inmate is escorted to the showers. (Id. ¶ 26.) When an inmate is escorted back to the cell, the two accompanying officers are not

4

allowed in the cell. (Id. ¶ 28.) Once an inmate is returned to the cell, handcuffs are removed when the inmate backs up and places his wrists through the tray flap. (Id. ¶ 29.)

On April 25, 2014, ASMP employed Defendants as correctional officers. (Id. ¶ 5.) For their own safety, correctional officers at ASMP are not authorized to carry firearms, pepper spray, batons, or any type of weapon. (Id. ¶ 27.) Correctional officers are instructed not to intervene when they witness inmates assaulting other inmates if their personal safety would be jeopardized by intervention. (Id. ¶ 30.) When correctional officers witness inmate-on-inmate violence, they are instructed to call for assistance and wait for assistance to arrive before intervening. (Id. ¶ 31.)

On April 25, 2014 at or around 8:00 or 9:00 a.m., Defendants were escorting Plaintiff, who was handcuffed, back to his one-man cell in Building 12A-2 from morning shower call. (Doc. no. 1, p. 5; doc. no. 73-7, Andrews Decl. ¶ 8.) When Plaintiff entered his cell still handcuffed, inmate Russell emerged from hiding in Plaintiff's cell, charged at Plaintiff with a sharp metal shank and stabbed him in the shoulder and back. (Doc. no. 1, p. 5; Andrews Decl. ¶ 9; doc. no. 73-4, p. 12.) Officer Hagins attempted to fend inmate Russell off with a food tray cart to prevent him from further attacking Plaintiff. (Andrews Decl. ¶ 10.) Inmate Russell turned toward Officer Andrews and approached him as if to stab him. (Id. ¶ 11.) Officer Andrews fled from inmate Russell. (Id. ¶ 15.) To prevent further harm to Plaintiff, Officer Hagins pushed Plaintiff into his cell and closed the cell door. (Doc. no. 73-5, Jackson Decl. ¶ 7.) Now outside of Plaintiff's cell, inmate Russell jumped on top of a telephone booth. (Jackson Decl. ¶ 8; Andrews Decl. ¶ 17.)

5

Officer Janice Jackson, assigned to the control room of Building 12A-2, heard Officer Andrews scream, saw Officer Hagins attempt to prevent inmate Russell from further harming Plaintiff by using the food tray cart, and radioed for assistance. (Jackson Decl. ¶¶ 3, 5-6, 9.) Sergeant Clifford Brown responded to Officer Jackson's call for assistance, witnessed inmate Russell on top of the phone booth, and ordered him to come down and cuff up. (Brown Decl. ¶¶ 6-7.) After inmate Russell refused, Sergeant Brown fired one burst of pepper spray, hitting inmate Russell in the face. (Id. ¶ 9.) Inmate Russell ran into his cell and closed the door. (Id. ¶ 10.) Sergeant Brown, Lieutenant Jones, and Officer Andrews followed inmate Russell into his cell and handcuffed him. (Id.) Immediately after inmate Russell was handcuffed, inmate Russell and Plaintiff were taken to the medical wing for examination. (Id. ¶¶ 11, 12; see doc. no. 73-4, p. 5.) Plaintiff was seen by a Physician's Assistant, was treated in the medical unit, and was in stable condition. (Doc. no. 73-4, p. 24.) In the aftermath of the assault, Defendants discovered inmate Russell damaged the lock and door of his cell which allowed him to leave his cell and hide in Plaintiff's cell. (Id. ¶ 16.)

Plaintiff does not dispute the general outline of events, but states in conclusory fashion he told his warden of the threat of assault, Defendants pushed him into his cell "to be stabbed," and Defendants were in a position to save him but did not. (Doc. no. 75, p. 2.) Plaintiff also states Defendants were aware inmate Russell had damaged his lock before the assault, and inmate Russell told Defendants he intended to assault Plaintiff the day of the incident. (Id. at 1.)

## IV. DISCUSSION

### A. Summary Judgment Standard.

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When seeking summary judgment, the movant must show that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint.

Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Plaintiff Cannot Establish a Deliberate Indifference Claim for Failure to Intervene Against Defendants.

Drawing all justifiable inferences in Plaintiff's favor, as the Court must for summary judgment purposes, no reasonable juror could find Defendants were deliberately indifferent to Plaintiff's safety during the assault. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks omitted); see also Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*) ("Prisoners have a constitutional right to be protected from violence while in custody."). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." Id. (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

8

"A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003). To survive summary judgment, a plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)).

Specifically in the context of a failure to intervene claim, a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to protect a victim from an ongoing assault by another inmate. See Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (*per curiam*) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)); see also Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (*per curiam*) (applying deliberate indifference standard to claim that prison official failed to intervene in inmate-on-inmate assault). However, in order for liability to attach, prison officials must have been "in a position to intervene." Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010) (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." Glispy v. Raymond, 2009 WL 2762636, *3 (S.D. Fla. 2009); see also Posey v. Giles, No. 2:12-CV-906-WHA, 2016 WL 696619, at *5 (M.D. Ala. Jan. 28, 2016), report and recommendation adopted, No. 2:12CV-906-WHA (WO), 2016 WL 707370 (M.D. Ala. Feb. 22, 2016); Seals v. Marcus, No. 1:11-CV-99 WLS, 2013 WL 656873, at *7 (M.D. Ga. Jan. 25, 2013), report

9

and recommendation adopted, No. 1:11-CV-99 WLS, 2013 WL 663579 (M.D. Ga. Feb. 22, 2013). It is the plaintiff who has the burden of demonstrating the defendant was in a position to intervene but failed to do so. Ledlow, 500 F. App'x at 914.

Still, "[r]egardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence.'" Seals, 2013 WL 656873, at *8 (quoting Longoria v. Texas, 473 F.3d 586, 594 (5th Cir. 2006)); see also Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995) ("[P]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."); Winfield v. Bass, 106 F.3d 525, 532 (4th Cir. 1997) ("[A]ll of the authority of which we are aware leads to the conclusion that such heroic measures are not constitutionally required.").

Here, the undisputed facts show Defendants responded reasonably to the altercation, in a manner consistent with ASMP protocol, did not act with deliberate indifference to Plaintiff's safety, were not in a position to intervene in the inmate-on-inmate assault, and took appropriate measures to gain control over the situation. See Terry, 376 F. App'x at 896. Officer Hagins intervened and attempted to separate both Plaintiff and his assailant with a food tray cart, even though unarmed Defendants were not constitutionally required to interject themselves into the altercation and risk bodily harm before backup arrived. See Seals, 2013 WL 656873, at *8; see also Longoria, 473 F.3d at 594; Prosser, 70 F.3d at 1008; Posey, 2016 WL 696619, at *5 (finding unarmed correctional officer was not deliberately

indifferent by failing to interject himself and risk injury in an inmate-on-inmate assault against armed assailant); Metcalf v. Hetzel, No. 2:13-CV-0002-WHA, 2015 WL 7751683, at *8 (M.D. Ala. Oct. 22, 2015), report and recommendation adopted, No. 2:13CV-002-WHA, 2015 WL 7756133 (M.D. Ala. Dec. 1, 2015) (same). Here, Defendants responded reasonably given the situation, actively took steps to minimize Plaintiff's injuries once the assault began, and were not in a position to intervene further. No reasonable juror would find to the contrary.

Plaintiff, without evidentiary support, argues Defendants did not properly secure inmate Russell's cell door and were told by inmate Russell he was going to attack Plaintiff. (Doc. no. 75.) Plaintiff further asserts Defendants "pushed me in[to] [the] cell . . . ran out [the dorm] and left me." (Id.) First, Plaintiff's unsworn and conclusory allegations are insufficient to defeat Defendant's motion for summary judgment. Harris, 65 F.3d at 916. Secondly, Defendants are still entitled to summary judgment even presuming the veracity of Plaintiff's allegations. Assuming Defendants did not properly secure inmate Russell's cell door, at most they were negligent in failing to do so. Negligence is an insufficient basis for a deliberate indifference claim. See Murphy, 159 F. App'x at 948; Brown, 894 F. 2d at 1537. Furthermore, this Court has already dismissed at screening the failure to protect claim alleging Defendants were aware of a particularized threat of harm from inmate Russell. (See doc. no. 13, p. 7.) Finally, Plaintiff's statement Defendants pushed him into his cell and fled is contradicted by the undisputed summary judgment record showing Defendants acted reasonably in response to the attack, did nothing to increase the risk of harm to Plaintiff, and

11

separated Plaintiff from inmate Russell by using a food tray cart and closed Plaintiff in his cell when inmate Russell jumped onto the telephone booth.

Accordingly, Plaintiff has failed to demonstrate a genuine dispute of material fact concerning his claim Defendants were deliberately indifferent by failing to intervene in the inmate-on-inmate assault, and Defendants' motion for summary judgment should be granted.

### C. Defendants Are Entitled To Qualified Immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A defendant carries the initial burden of showing that the contested actions fall within his discretionary authority, then the burden shifts to the plaintiff to show (1) violation of a constitutional right; and (2) the right violated was clearly established at the time. Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013) (citing Pearson, 555 U.S. at 232). Courts may assume for the sake of argument that a constitution violation occurred and grant summary judgment based on a finding that the right was not clearly established. Pearson, 555 U.S at 236. To defeat a defendant's assertion of qualified immunity, a plaintiff must show that a defendant's "supposedly wrongful act was already established to such a high degree that every objectively reasonable official standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances." Long v. Slaton, 508 F.3d 576, 584 (11th Cir. 2007) (citation omitted).

Here, even assuming *arguendo* that a constitutional violation occurred, Defendants are entitled to summary judgment based on qualified immunity because Defendants did not violate a clearly established right. There is no "clearly established" law requiring unarmed officers to risk bodily harm and intervene in an inmate-on-inmate violent confrontation rather than calling for assistance. Longoria, 473 F.3d at 594 ("The officers violated no 'clearly established' law by failing to intervene while unarmed."); Odom v. S.C. Dep't of Corr., 349 F.3d 765, 773 (4th Cir. 2003) ("[C]orrectional officers who are present when a violent altercation . . . erupts and fail to intervene immediately do not violate the Eighth Amendment if the officers are unarmed, unaware of a risk of harm prior to the altercation, and take reasonable steps to intervene safely."). Accordingly, Defendants are entitled to qualified immunity.

### III. CONCLUSION

In sum, Defendants are entitled to summary judgment because Plaintiff cannot establish they were deliberately indifferent for failing to intervene in the assault and are entitled to qualified immunity. For these same reasons, Plaintiff's cross motions for summary judgment should be denied. Accordingly, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED** (doc. no. 73), Plaintiff's motions for summary judgement be **DENIED** (doc. nos. 63, 76), a final judgment

be **ENTERED** in favor of Defendants, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED 16th day of November, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA